### SWANN v. RARY.

To an action of slander for charging the plaintiff with stealing *hogs*, it is not a good plea in bar, that the plaintiff had stolen *one hog.*

The defendant cannot prove, in such an action, that it was generally known in the neighborhood, that there had been a quarrel between the parties.

The practice of swearing a jury as well to try the issue in fact, as to inquire of the damages on an issue in law previously found for the plaintiff, obtains only in cases where the decision of the issue in law entitles the plaintiff to damages, without regard to the trial of the issue in fact.

ERROR to the *Parke* Circuit Court.

BLACKFORD, J.——*Rary* brought an action of slander against *Swann*. The declaration contains several counts. The words charged to have been spoken by the defendant are,——first, that the plaintiff is a hog thief; secondly, that the plaintiff has stolen hogs. The defendant pleaded, first, not guilty; secondly, the statute of limitations; thirdly, that the plaintiff had stolen one hog; fourthly, that the plaintiff had stolen three hogs. On the plea of not guilty issue was joined. To the plea of the statute of limitations, the plaintiff replied that the suit had been commenced within the time, &c. To the third plea, that the plaintiff had stolen one hog, the plaintiff demurred, and assigned as cause of demurrer, that the plea does not answer the whole declaration, which charges the defendant with saying that the plaintiff had stolen hogs, in the plural number. To the replication to the second plea, there is a rejoinder and issue. To the fourth plea, the plaintiff replied *de injuria*, &c. The Circuit Court sustained the demurrer to the third plea. The

Nov. Term,
1833.

SWANN
v.
RARY.

jury, impanelled to try the issues in fact, found a verdict for the plaintiff, and assessed the damages at 550 dollars. The defendant moved for a new trial, but his motion was overruled, and a judgment was rendered against him on the verdict.

The first ground relied on by *Swann*, the plaintiff in error, for a reversal of the judgment, is, that his third plea was valid, and that the demurrer to it should have been overruled. The cause of action is—that the defendant had said that the plaintiff had stolen *hogs.* The plea professing to answer the whole declaration, is—that the plaintiff had stolen *one hog.* This plea, it appears to us, is not a good bar to the action. The fact that the plaintiff had stolen one hog, would not justify the defendant in charging him with stealing two or more hogs. There is a case, referred to by the plaintiff's counsel, very similar to the one under consideration. In that case, the words laid in the declaration are—"The plaintiff (a commissioner) has returned, as the depositions of *witnesses,* into the exchequer, the examination of *divers* who were never sworn." The plea in bar was, "That the plaintiff (a commissioner) returned into the exchequer the examination of one *J. S.* who was never sworn, and therefore," &c. On demurrer this plea was adjudged bad. The Court said, that though *one* who was not examined was returned into the exchequer, yet that does not prove the words, "That the plaintiff returned, &c. *divers,*" &c.; because the justification is of *one witness* only returned, and the words are in the *plural number. Fysh* v. *Thorowgood,* Cro. Eliz. 623. This decision is cited by a late writer as good law. Stark. on Slander, 343. It cannot be distinguished, in principle, from the case before us.

The plaintiff in error also contends, that the Court erred in rejecting certain evidence offered by him on the trial. He offered to prove, in cross-examining one of the plaintiff's witnesses, that it was generally known in the neighborhood, at the time the words were spoken, that there was a quarrel between him and the plaintiff; but the Court rejected the evidence. In this the Court was right. Whether there had been a previous dispute between the parties was of no consequence. Any angry or slanderous words spoken by the plaintiff of the defendant, at the time of the slander uttered by the defendant, might have been proved in mitigation of damages. But this proof must be confined to the words spoken by the plaintiff at the time

when the words complained of were spoken by the defendant. The defendant, if previously slandered by the plaintiff, had no right on that account to slander the plaintiff, but should have sued him at law for the slander. This doctrine was recognized in a very recent suit for a libel; and the Court said that the law was the same in cases of oral slander. *Wakley* v. *Johnson*, Ryan & Moody, 422. There was some other testimony, similar in its character to that we have just noticed, which. was offered by the defendant, and correctly rejected by the Circuit Court.

It is further contended, that as the third plea, which was demurred to, was adjudged to be bad, the jury should have been sworn as well to inquire of the damages upon the issue in law as to try the issues in fact. This is a mistake. Each of the pleas was pleaded in bar to the whole cause of action; and the plaintiff could recover nothing, unless he succeeded on the issues joined on all the pleas. The decision in his favour therefore, on the demurrer to one of the pleas, did not entitle him to recover any damages whatever to be assessed by a jury. Perhaps he might have been entitled to a judgment for the costs of that issue in law, had he chosen to ask it; but nothing more. The practice to swear the jury as well to try the issues in fact as to inquire of the damages upon the issue in law, obtains only in cases where the decision of the issue in law for the plaintiff entitles him to damages, without regard to the trial of the issues in fact,—where, for example, he may take damages upon the judgment on demurrer, and enter a *nolle prosequi* as to the issues in fact. It is scarcely necessary to observe to the counsel for the plaintiff in error, that this is not a case of that kind. There is another answer to the objection, that no damages were assessed upon the issue in law. It is this,—that it is not for the defendant below to complain of the judgment, on the ground that the damages recovered against him are not sufficiently high.

The last ground relied on is, that a new trial should have been granted on account of the insufficiency of the proof, and the large amount of the damages. This objection has no foundation. Several witnesses proved that the defendant had charged the plaintiff with being a hog thief, and with stealing hogs. The defendant undertook to prove the truth of the words in justification, and failed in his defence. He can have no right, therefore, under these circumstances, to complain

that the verdict is for the plaintiff, or that the damages of 550 dollars are excessive.

*Per Curiam.*—The judgment is affirmed with costs.

*A. S. White* and *C. Dewey*, for the plaintiff.

*J. Whitcomb*, for the defendant.